UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| **UNITED FIRE & CASUALTY COMPANY,**<br><br>    **Appellant,**<br><br>V.<br><br>**ESTON ARTHUR ELDRIDGE,**<br><br>    **Appellee.** | **CIVIL ACTION NO. 6:15-217-KKC**<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on the parties' joint motion to stay briefing and certify this case for direct appeal to the Sixth Circuit. (DE 6). For the reasons set forth below, the motion will be DENIED.

On December 2, 2015, the Appellant filed a notice of appeal from the United States Bankruptcy Court for the Eastern District of Kentucky. (DE 1.) On January 8, 2016, the parties submitted the instant motion for a stay and certification pursuant to 28 U.S.C. § 158(d)(2)(A). (DE 6). In its memorandum, Appellant asserts that all three criteria for a valid certification are present in this case. Noticeably absent from the argument, however, is any mention that that this motion has already been considered and denied by the United States Bankruptcy Court for the Eastern District of Kentucky.

Fortunately, this Court did not limit its consideration to the citations offered in the parties' memorandum. In denying the motion for certification, the Bankruptcy Court states in relevant part that:

> None of the three [section 158] subsections apply.
> The Opinion and Order determined that the claims asserted by [Appellant] . . . were time-barred pursuant to 11 U.S.C. § 523(a)(4). [Appellant] argues this conclusion conflicts with the Sixth Circuit's decision in *Poynter v. Great American Insurance Co. (In re Poynter)*, 535 Fed. Appx. 479 (6th Cir. 2013).
> . . . .

> *Poynter* is not affected by the Opinion and Order, which rely on timing principles generally applicable to any non-dischargeability claim under § 523(a)(4). . . . [Appellant's] problem is not a failure to apply *Poynter*[,] [which only could] have applied if the issue was timely raised in the 2005 bankruptcy proceeding.

(DE 1-2.) In the motion before this Court, neither party mentions, much less attempts to dispute the underlying reasoning of the Bankruptcy Court. Accordingly, this Court sees no reason to disturb that Court's ruling.

Accordingly, **IT IS ORDERED** that the parties' joint motion (DE 6) is **DENIED**. The filing deadline for Appellant's Brief set in the Scheduling Notice [DE 5] shall be extended by seven (7) days from the entry date of this order.

Dated January 25, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

2